## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jamie Rene Lane, | ) |
| Plaintiff, | ) **ORDER GRANTING COMMISSIONER'S** |
|  | ) **MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) |
| Kilo Kijakazi, Acting Commissioner of Social Security,[1] | ) Case No. 1:21-cv-045 |
| Defendant. | ) |

Plaintiff Jamie Rene Lane ("Lane") protectively filed applications for disability insurance benefits and supplemental security income on December 4, 2018, claiming an onset disability date of May 1, 2014. (Doc. No. 15-5, pp. 2-15). Her applications were denied her applications initially on May 3, 2019, and upon reconsideration on September 17, 2019. (Doc No. 15-4, pp. 2-13).

At Lane's request, an Administrative Law Judge ("ALJ") convened a hearing on June 17, 2020. (Doc. No. 15-2, pp. 11-26; Doc No 15-4, pp. 14-15, 60-61). Lane, her attorney, and a vocational expert appeared telephonically. (Doc No. 15-2, pp. 11-26). At the hearing Lane amended the alleged disability onset date to January 28, 2017. (Doc. No. 15-2, pp. 38).

On July 27, 2020, the ALJ issued her decision denying Lane's applications, finding that Lane was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (Doc. No. 15-2, pp. 11-25). The Appeals Counsel denied Lane's subsequent request for review and adopted the ALJ's decision as the final decision of the Commissioner. (Doc. No. 15-2, pp. 2-4).

On March 2, 2021, Lane initiated the above-captioned action pro se and in forma pauperis, with the submission of a pre-printed "form complaint." (Doc. Nos. 1, 4, 5). She sough this court's

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

review of the Commissioner's denial of her application for DIB pursuant to 42 U.S.C. § 405(g). (Doc. No. 5). She asserted generally that the ALJ found facts to be true that were not supported by substantial evidence in the record. (Id.) She further asserted: "The ALJ didn't take all conditions and evidence into consideration. Only focused on fibromyalgia and not chiari[2] malformation." (Id.).

Attached to Lane's complaint, were, among other things, a letter from Lane's significant other, medical records (MRI reports, diagnostic imaging reports, and a neurology lab report),[3] and articles regarding chiari malformations and the chiari severity index. (Doc. Nos. 5-4, 5-6 through 5-13, 5-15).

On August 27, 2021 the court issued a scheduling order giving Lane until November 1, 2021, to file a Motion for Judgment, the Commissioner to until December 1, 2021, to file a Motion for Summary Judgment and supporting brief, and Lane until December 15, 2021, to file a response to the Commissioner's motion. (Doc. No. 16).

Lane's deadline for filing a Motion for Summary Judgment came and went without any filings from Lane.

On December 1, 2021, the Commissioner filed a Motion for Summary Judgment along with

---

[2] Lane testified at her administrative hearing that some of her symptoms had been attributed to fibromyalgia but that studies regarding a possible Chiari malformation and its effect on her were ongoing.

> Q   You indicated that you pass out frequently from various issues it sounds like. How often are you passing out?
> A   Anywhere from one to four or five times a day. It depends on my anxiety levels.
> Q   How long to you pass out for?
> A   I've been out from any, 30 to 40 seconds to my longest has been four and a half, five hours.
> Q   According to my testing that I'm still going through, it's due to the fibromyalgia and they're furthering the studies on the Chiari Malformation. And once I go to my neurosurgeon they will do full MRI's and possible three kinds of surgery that they want to do at that time also.

(Doc. No. 15-2, pp. 44-45).

[3] One of these records, dated September 27, 2019, indicates: "Chiari I malformation possible Chiari, r/o syrinx." (Doc. No. 5-6).

a supporting brief. (Doc. Nos. 17, 18). Lane did not file a response to the Commissioner's motion.

On September 26, 2022, Lane filed "Request for Settlement" that reads in substance as follows:

> I, Jamie Rene Lane, am requesting that the settlement be granted to me for past and future benefits in this case due to the fact that I am unable to be employed without be[ing] a liability to a company."

(Doc. No. 19). On October 11, 2022, the Commissioner filed a response to Lane's "Request for Settlement," asserting: (1) Lane had failed to show any defect in the ALJ's decision by virtue of the fact that she had not filed a Motion for Summary Judgment or supporting memorandum; and (2) to the extent that Lane's request could be construed as a motion and supporting brief, Lane had failed to raise any issues and therefore had waived all arguments. See Ahlberg v. Chrysler Corp., 481 F.3d 630, 634 (8th Cir. 2007 (points not meaningfully argued in an opening brief are waived); Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (argument waived when plaintiff does not provide analysis of relevant law or facts).

"[P]ro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983); see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). "A pro se litigant should receive meaningful notice of what is required of [her] but the court is not required or permitted to act as counsel for any party." Schooley, 712 F.2d at 373. Therefore, although Lane is proceeding pro se, she is not excused from complying with the procedural and substantive rules equally applicable to all litigants.

All that Lane has provided at this point are two short, conclusory assertions. One of these statements was preprinted on her complaint. Lane has not filed a motion, supporting memorandum,

3

or response to the Commissioner's motion. Although she is proceeding pro se and her pleadings are subject to liberal interpretation, she has nevertheless failed to demonstrate that there is a lack of substantial evidence in the record as a whole at the time of the administrative hearing to support the ALJ's decision. Accordingly, the court **GRANTS** the Commissioner's motion (Doc. No. 17) and dismisses the above-captioned action.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2022.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court